652 F.2d 749
 91 Lab.Cas. P 12,837
 John C. BEASLEY, and the Brotherhood of Railway, Airline and
Steamship Clerks, Freight Handlers, Express and
Station Employees, Streamliner Lodge No.
335, Appellees,
v.
UNION PACIFIC RAILROAD COMPANY, Appellant.
 No. 81-1427.
 United States Court of Appeals,
Eighth Circuit.
 Submitted June 24, 1981.
Decided June 30, 1981.
 
 H. Lustgarten, Jr., F. Jerome Given, Ronald W. Eubanks, Omaha, Neb., for Union Pacific Railroad Co.
 Before ROSS, Circuit Judge, GIBSON, Senior Circuit Judge, and STEPHENSON, Circuit Judge.
 PER CURIAM.
 
 
 1
 This action comes before the court on a motion to dismiss an appeal from a denial of summary judgment for lack of jurisdiction pursuant to Rule 9 of the rules of this court.
 
 
 2
 The appeal in question involves a labor dispute between plaintiffs, John C. Beasley and The Brotherhood of Railway, Airline and Steamship Clerks, Freight Handlers, Express and Station Employees, Streamliner Lodge No. 335 (Streamliner), and the defendant Union Pacific Railroad. Beasley, an employee of the Union Pacific, missed one day of work. His sick leave exhausted, he sought and was denied his supervisor's permission to use vacation time to cover the absence. He then submitted a time card designating vacation time to be used to compensate for the time missed. The Union Pacific initiated disciplinary proceedings against Beasley for insubordination and falsifying time cards. He received a 31-day suspension without pay. Beasley, who is black, maintains that by submitting the time card he was merely attempting to initiate a grievance and that another employee, a white male, submitted a time card designating vacation pay under similar circumstances and that no disciplinary action had been taken against that employee. Beasley and Streamliner brought suit in Douglas County Nebraska District Court seeking to enjoin the Union Pacific from suspending Beasley pending a determination by the National Railroad Adjustment Board of the validity of the suspension under the applicable collective bargaining agreement. The Douglas County District Court granted a temporary injunction against the Union Pacific. Union Pacific then moved to vacate the injunction. The motion was overruled. Prior to a hearing on the injunction Union Pacific removed the action to federal district court. It then moved for summary judgment, alleging that: 1) the dispute is within the exclusive jurisdiction of the National Railroad Adjustment Board and the District Court is therefore without jurisdiction to grant injunctive relief; and 2) that plaintiff Streamliner is not a duly authorized collective bargaining representative for Union Pacific employees and lacks standing. The district court denied summary judgment without prejudice to reassertion of the motion by Union Pacific upon development of a more complete record. The Union Pacific filed an appeal from the denial of summary judgment giving rise to this motion by plaintiffs to dismiss.
 
 
 3
 Beasley argues that this court is without jurisdiction to hear Union Pacific's appeal because the district court order denying summary judgment is not a final order as required by 28 U.S.C. § 1291 and does not come under any of the section 1292 exceptions. The Union Pacific contends that the order falls within the parameters of 28 U.S.C. § 1292(a)(1) in that it is, in effect, a refusal to dissolve or modify an injunction and is thus appealable.
 
 
 4
 The order denying summary judgment is of an interlocutory nature. It is not, however, an interlocutory order of the type "granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions..." which is excepted from the final decision rule under 28 U.S.C. § 1292(a)(1). The Supreme Court in Switzerland Cheese Association v. E. Horne's Market, 385 U.S. 23, 25, 87 S.Ct. 193, 195, 17 L.Ed.2d 23 (1966) held that when a summary judgment motion is denied in this type of case on the basis of "unresolved issues of fact" the order is only a pretrial one which does not touch on the merits of the case. Here the district court denied the motion without prejudice upon development of a more complete record. Accordingly, the denial of the summary judgment motion did not constitute an appealable order under 28 U.S.C. § 1292(a).