**Rudy PAVLIK; Andy Pavlik; Thomas H. Schmidt, Plaintiffs–Appellants,**

v.

**UNITED STATES of America, Defendant–Appellee.**

**No. 91–35116.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 19, 1991.[*]

Decided Dec. 16, 1991.

---

[*] The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Meredith Watts, San Francisco, Cal., for plaintiffs-appellants.

Andrew C. Mergen, U.S. Dept. of Justice, Washington, D.C., for defendant-appellee.

Before TANG, REINHARDT and RYMER, Circuit Judges.

TANG, Circuit Judge:

Rudy Pavlik, Andy Pavlik, and Thomas Schmidt ("the Pavliks") appeal the district court's judgment affirming civil penalties

imposed by the National Oceanic and Atmospheric Administration ("NOAA") for violating the Northern Pacific Halibut Act of 1982 ("the Halibut Act"). Specifically, NOAA charged the Pavliks with possessing halibut out of season, in violation of 16 U.S.C. § 773e(a)(5). An administrative law judge found that the Pavliks had violated the Halibut Act and assessed civil penalties against each of them. The Under Secretary of Commerce for Oceans and Atmosphere denied the Pavliks' petition for discretionary review. The Pavliks appealed to federal district court arguing insufficiency of the evidence and violations of the fifth amendment's due process clause. The district court granted summary judgment for NOAA. We affirm.

## BACKGROUND

Through the Halibut Act, Congress implemented the Convention between the United States and Canada for the Preservation of the Halibut Fishery of the Northern Pacific Ocean and Bering Sea. See 16 U.S.C. §§ 773(a), 773c(a). The Halibut Act regulates halibut catches during the fishing season and prohibits halibut fishing during periods when the Convention waters are closed.

The Halibut Act specifically forbids any person within the United States' jurisdiction:

> to ship, transport, offer for sale, sell, purchase, import, export or have custody, control or possession of, any fish taken or retained in violation of the Convention, this subchapter, or any regulation adopted under this subchapter....

16 U.S.C. § 773e(a)(5). The statute provides for the imposition of civil penalties

against violators of the Halibut Act. 16 U.S.C. § 773f.

On October 1, 1986, NOAA issued notices of violation and assessment, 15 C.F.R. § 904.101, to the Pavliks, charging them with possessing halibut in Convention waters at a time when the waters were closed to halibut fishing. See 50 C.F.R. §§ 301.5 to 301.7.

The Pavliks exercised their right to an administrative hearing to determine whether they violated the Halibut Act. 15 C.F.R. § 904.102. At the hearing, NOAA offered the testimony of Dan Callaghan and Dale Husby, both of whom had worked as crew members on board the fishing vessel Irish Rover. Both men testified that, a number of times throughout their tour of duty, one or more of the Pavliks approached the Irish Rover in a skiff and took delivery of large amounts of fish, including halibut.[1]

The Pavliks thoroughly cross-examined both Callaghan and Husby, bringing to light their inexperience as fishers and their possible self-interest in testifying on NOAA's behalf. Each of the Pavliks also took the stand to deny possessing halibut during the time in question.

At the conclusion of the hearing, the administrative law judge ("ALJ") ruled in favor of NOAA and assessed a $1,000 fine against each of the Pavliks.[2] After the ALJ entered his decision, the Pavliks sought discretionary review from NOAA's Administrator. 15 C.F.R. 904.273. The Under Secretary of Commerce for Oceans and Atmosphere denied the petition for discretionary review. The Pavliks subsequently filed a notice of appeal from NOAA's decision in federal district court.[3] The district court granted NOAA's request for summary judgment, holding that sub-

---

1. The Irish Rover was fishing for shrimp. The fish given to the Pavliks had been incidentally caught in the shrimp nets.

2. NOAA had originally sought $1,500 in penalties against each defendant.

3. The Halibut Act expressly provides for judicial review of penalties imposed under its provisions:

 Any person against whom a civil penalty is assessed under subsection (a) of this section

may obtain review thereof in the appropriate court of the United States by filing a notice of appeal in such court within 30 days from the date of such order and by simultaneously sending a copy of such notice by certified mail to the Secretary and the Attorney General.... The findings and order of the Secretary shall be set aside by such court if they are not found to be supported by substantial evidence, as provided in section 706(2) of Title 5.

16 U.S.C. § 773f(b).

stantial evidence supported the ALJ's finding of a violation. The Pavliks filed a timely notice of appeal to this court.

## DISCUSSION

### I. *The Grant of Summary Judgment*

The Pavliks argue that two aspects of the hearing denied them due process. They contend first that the ALJ impermissibly interposed himself as an expert and made findings of fact not supported by the record. Second, they argue that NOAA's failure to put its investigating agent on the stand during the hearing unfairly deprived them of the opportunity to confront their accusers.

### A. *Standard of Review*

■ We review de novo the district court's grant of summary judgment. *Kruso v. International Tel. & Tel. Corp.*, 872 F.2d 1416, 1421 (9th Cir.1989), *cert. denied,* — U.S. —, 110 S.Ct. 3217, 110 L.Ed.2d 664 (1990). In reviewing a grant of summary judgment upholding agency action under the Halibut Act, we must determine whether a genuine question of material fact existed or whether the district court misapplied the law in concluding that substantial evidence supported the ALJ's decision. 16 U.S.C. § 773f(b); *see also NLRB v. Howard Elec. Co.*, 873 F.2d 1287, 1290 (9th Cir.1989); *California Dep't of Educ. v. Bennett*, 849 F.2d 1227, 1229 (9th Cir.1988). Whether the conduct of the hearing violated the due process clause of the fifth amendment is a question of constitutional law that we review de novo. *See NLRB v. Bakers of Paris, Inc.*, 929 F.2d 1427, 1440 (9th Cir.1991); *United States v. McConney*, 728 F.2d 1195, 1201 (9th Cir.) (en banc), *cert. denied*, 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984).

### B. *Role of the ALJ*

In his decision, the ALJ responded to the Pavliks' contention that the lack of evidence of motivation (specifically, the lack of evidence of what the Pavliks did with the halibut they took from the Irish Rover) precluded a finding of a violation in this case:

The Agency tried to meet that problem by suggesting several ways in which Respondents could have used the halibut. These several ways sound reasonable enough to make the Agency's whole presentation plausible. Respondents conceivably could have sent the halibut to other markets through private boats or through the IRISH ROVER itself; and they could have sold some to such local institutional markets as existed, and could have consumed some and used some for hanging bait. Enough possible uses appear that the Agency's charges remain believable by a preponderance of the evidence.

The Pavliks argue that, in making these comments, the ALJ unconstitutionally acted as an expert and made findings of fact not supported by the record.

■ We hold that the ALJ did not so overstep his role as to run afoul of the fifth amendment's due process clause. These statements constitute permissible observations about evidence in the record. The ALJ did not find as a matter of fact that any of the cited reasons actually motivated the Pavliks to take the halibut. He simply noted that the record is not devoid of evidence of motive and, consequently, the failure to prove motive does not significantly detract from the credibility of the NOAA witnesses' version of events.

■ This case is thus unlike *Burkhart v. Bowen*, 856 F.2d 1335 (9th Cir.1988), on which the Pavliks rely. In *Burkhart*, the ALJ made critical factual findings unsupported by the record concerning an issue in the case for which the government had not borne its burden of proof. *Id.* at 1341. Here, the ALJ made no specific findings of fact. He merely commented on evidence in the record. These comments, moreover, did not address an issue that NOAA had to prove in order to sustain a finding of a violation. Motive is not an element of a section 773e(a)(5) violation. *See* 16 U.S.C. § 773e(a)(5); *United States v. Cameron*, 888 F.2d 1279, 1282 (9th Cir.1989) ("Taking halibut in violation of the Halibut Act is a strict liability offense.").

### C. *Right to Confront Accusers*

■ The Pavliks argue that NOAA's failure to put its investigating agent on the stand also denied them due process because they could not effectively confront their accusers. The Pavliks posit that, had the agent taken the stand, they could have cross-examined him and thereby revealed that the witnesses allegedly selected by this agent (Callaghan and Husby) were not credible and that the Pavliks had not in fact possessed halibut.

The absence of an investigating agent's testimony at the hearing did not violate the Constitution. Assuming that due process requires that defendants be allowed to confront the witnesses against them in NOAA proceedings to assess civil penalties, *cf. Goldberg v. Kelly*, 397 U.S. 254, 267–70, 90 S.Ct. 1011, 1020–21, 25 L.Ed.2d 287 (1970), the Pavliks had that opportunity. The Pavliks exhaustively cross-examined the two witnesses who testified against them—Callaghan and Husby.

The Pavliks argue that due process guarantees them a right to confront not only the actual witnesses against them, but also persons who could have been witnesses against them. However, we have specifically held, in the context of a criminal trial, that no such right exists. *United States v. Heck*, 499 F.2d 778, 789 & n. 9 (9th Cir.), *cert. denied*, 419 U.S. 1088, 95 S.Ct. 677, 42 L.Ed.2d 680 (1974). In *Heck*, a defendant was convicted of assaulting Special Agent Robert Meyer. Agent Meyer did not testify and the defense did not attempt to subpoena him. *Id.* In words that speak directly to the Pavliks' argument, we found that the agent's absence did not violate the sixth amendment's confrontation clause: "A defendant has no right to confront a 'witness' who provides no evidence at trial. Nor is the government required to call all of the witnesses to a crime." *Id.* (quotations and citations omitted).

■ Even assuming, moreover, that the due process clause guarantees defendants in civil proceedings an "effective opportunity," *Goldberg*, 397 U.S. at 268, 90 S.Ct. at 1020, to confront non-testifying witnesses, the Pavliks had that opportunity here. The Halibut Act allows defendants in civil penalty proceedings to subpoena witnesses. 15 C.F.R. § 904.245. The Pavliks concede that they made no attempt to subpoena a NOAA investigating agent.[4] Any harm their case suffered as a consequence of the absence of a NOAA agent's testimony was thus self-inflicted. *Heck*, 499 F.2d at 789 & n. 9 ("Appellant could have called Agent Meyer if he had desired to do so. His right of confrontation was satisfied by this available opportunity."); *cf. Kentucky v. Stincer*, 482 U.S. 730, 739, 107 S.Ct. 2658, 2664, 96 L.Ed.2d 631 (1987) ("[T]he Confrontation Clause guarantees only 'an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense may wish.'" (quoting *Delaware v. Fensterer*, 474 U.S. 15, 20, 106 S.Ct. 292, 294–95, 88 L.Ed.2d 15 (1985))) (emphasis in original).

■ The Pavliks respond that they did not invoke the subpoena power because they had no obligation to make the government's case. While that is true, the Pavliks certainly had every interest in making their own case as strong as possible. If they considered a witness critical to their defense, they should have called or attempted to call that person. Absent evidence of improper motives or that the government possesses exculpatory materials, the due process clause does not require the government to call witnesses simply for the sake of facilitating the defense's presentation of its own case. *See Heck*, 499 F.2d at 789 & n. 9; *cf. Brady v. Maryland*, 373 U.S. 83, 86, 83 S.Ct. 1194, 1196, 10 L.Ed.2d 215 (1963).[5] Because the Pavliks have neither demonstrated that NOAA act-

---

**4.** This assumes such an agent was available. NOAA's original investigating agent died prior to the hearing. Nothing in the record identifies his successor at NOAA, if there was one at all. Although the original NOAA agent might have testified relevantly, the Pavliks have made no showing that his subsequent death resulted in a constitutionally significant loss of evidence.

**5.** We assume, without deciding, that the principle enunciated in *Brady v. Maryland* applies in the context of a NOAA civil penalty proceedings.

ed with improper motives in failing to call an investigating agent nor shown (as opposed to argued) that an agent's testimony would have been exculpatory, the conduct of the hearing did not violate the due process clause.

## II. *Substantial Evidence*

The Pavliks contend that NOAA failed to introduce sufficient evidence to sustain the ALJ's finding of a violation of 16 U.S.C. § 773e(a)(5). The thrust of the Pavliks' argument is an assault on the credibility of Callaghan's and Husby's testimony.

 Substantial evidence exists when there is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Desrosiers v. Secretary of Health & Human Servs.*, 846 F.2d 573, 576 (9th Cir.1988). The substantial evidence standard requires us to review the administrative record as a whole, considering the evidence that both supports and undercuts the agency's determination. *Burkhart*, 856 F.2d at 1338.

 Possession of halibut in violation of section 773e(a)(5) of the Halibut Act is a strict liability offense. *Cameron*, 888 F.2d at 1282. Consequently, NOAA only had to prove that (i) the Pavliks (ii) possessed (iii) halibut (iv) taken from Convention waters (v) at a time when the waters were closed to halibut fishing. 16 U.S.C. § 773e(a)(5). NOAA needed to establish each of these elements by a preponderance of the evidence. *See United States v. F/V Repulse*, 688 F.2d 1283, 1284 (9th Cir.1982).

The Pavliks admit that they operated their skiff in Convention waters and that the events at issue occurred during the closed season. They likewise do not deny that they took and thereby possessed some types of fish from the Irish Rover. The critical issue in the case thus reduced to whether halibut was one of the fishes taken by the Pavliks.

We hold that substantial evidence supports the ALJ's determination that the Pavliks had in fact possessed halibut. NOAA produced two eyewitnesses who testified that halibut was transferred to the Pavliks' boat during the time in question. These witnesses explained that they learned to identify halibut during their work on the Irish Rover. During the hearing, Callaghan successfully identified halibut in a photograph of fish taken on the Irish Rover. As a further indication of trustworthiness, the witnesses' statements were against their penal interest because, in testifying, they each admitted their role in the illegal transfer of halibut. The Pavliks introduced no evidence showing that either Callaghan or Husby received immunity or any reciprocation from the government for their testimony.

Because neither Callaghan's nor Husby's testimony was inherently incredible or unbelievable, the ALJ was entitled to accept their word over the Pavliks' protestations of innocence. The ALJ heard all the witnesses and observed their demeanor. We defer to the ALJ's firsthand exposure to the testimony. "Determination 'of the credibility of the witnesses is within the discretion of the presiding official who heard their testimony and saw their demeanor.'" *Brown v. United States Postal Serv.*, 860 F.2d 884, 887 (9th Cir.1988) (quoting *Griessenauer v. Department of Energy*, 754 F.2d 361, 364 (Fed.Cir.1985)).

## CONCLUSION

We hold that the conduct of the NOAA hearing did not deny the Pavliks due process of law and that substantial evidence supported the ALJ's finding of a violation.

AFFIRMED.