967 F.2d 588
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James Franklin MESSAMORE, Petitioner-Appellant,
v.
Harold FALK, Director of Corrections, State of Hawaii,
Respondent-Appellee.
 No. 91-16340.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 28, 1992.*
Decided June 25, 1992.
 
 Before GOODWIN, CANBY and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James Franklin Messamore appeals in propria persona from the district court's second dismissal of his habeas corpus petition filed pursuant to 28 U.S.C. § 2254. We affirm.
 
 DISCUSSION
 
 3
 We review de novo the district court's denial of a habeas corpus petition. Bruni v. Lewis, 847 F.2d 561, 563 (9th Cir.), cert. denied, 488 U.S. 960 (1988), and cert. denied, 489 U.S. 1055 (1989).
 
 
 4
 The Admission of The Victim's Prior Testimony and Her Prior Statements to Her Mother
 
 
 5
 We are bound by the Hawaii courts' interpretations of Hawaii's rules of evidence. La Mere v. Risley, 827 F.2d 622, 623 (9th Cir.1987). Messamore may not, therefore, obtain habeas corpus relief on the basis of some alleged error in the interpretation or application of state law. Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir.1985), cert. denied, 478 U.S. 1021 (1986). He may obtain habeas corpus relief only by demonstrating that the admission of the challenged testimony violated his due process rights (i.e., it was arbitrary or unfair), Terrovona v. Kincheloe, 852 F.2d 424, 428-29 (9th Cir.1988), or another federal constitutional right. Wainwright v. Goode, 464 U.S. 78, 83 (1983).
 
 1. The Victim's Prior Testimony
 
 6
 Messamore argues that the admission of the victim's testimony from the first trial deprived him of his rights to confront the witnesses against him, due process, and a fair trial. Although the trial court found the victim to be "unavailable" for the purposes of Haw.R.Evid. 804(a)(3), Messamore's attorney cross-examined her both during the first trial and the second trial. Messamore's confrontation clause rights, therefore, were not violated. California v. Green, 399 U.S. 149, 162-63 (1970); United States v. Vargas, 933 F.2d 701, 706 (9th Cir.1991). Messamore argues that the victim's failed memory at the second trial rendered the cross-examination useless. An ineffective cross-examination due to failed memory does not constitute a confrontation clause violation. United States v. Owens, 484 U.S. 554, 560 (1988). The confrontation clause guarantees only an opportunity for cross-examination. Id. at 559-60. The trial court gave Messamore that opportunity; accordingly, the admission of the victim's prior testimony did not violate the confrontation clause.
 
 
 7
 We also conclude that the admission of the victim's testimony did not violate Messamore's due process rights. The cross-examination of the victim allowed Messamore's trial counsel to put before the jury his theory that the victim's parents coached the victim and that she was "telling a story." Messamore's counsel supported his theory by twice eliciting the identical version of events from the victim at the second trial. In sum, Messamore has not demonstrated any fundamental unfairness caused by the victim's failed memory and the admission of her prior testimony.
 
 2. Testimony by the Victim's Mother
 
 8
 Messamore argues that the trial court deprived him of his rights to due process and to confront the witnesses against him by admitting into evidence testimony by the victim's mother wherein she repeated the victim's out-of-court statements describing how Messamore raped and abused her. The victim was available to be cross-examined on the out-of-court statements to which her mother testified. It was Messamore's own tactical decision not to question the victim; therefore, we conclude that no confrontation clause violation occurred. See Pavlik v. United States, 951 F.2d 220, 224 (9th Cir.1991). Similarly, Messamore cannot now claim that his trial was fundamentally unfair because he did not exercise his option to cross-examine the victim about the mother's testimony. We conclude that the district court properly found no due process violation.
 
 The Admission of Dr. Mann's Testimony
 
 9
 Messamore contends that the admission of Dr. Eberhard Mann's testimony regarding the victim's truthfulness violated his due process rights. His argument, however, focuses on the propriety of the trial court's ruling on state law grounds. Although he invokes general due process principles of fundamental fairness, he offers no authority for the suggestion that federal law was violated. The district court concluded that Messamore failed to demonstrate any fundamental unfairness in the admission of Dr. Mann's testimony, and we concur.
 
 Sufficiency of the Evidence
 
 10
 We review the record for sufficient evidence by determining whether, after viewing all of the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of rape in the first degree and sexual abuse in the first degree beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979).
 
 
 11
 Messamore challenges only the sufficiency of the evidence identifying him as the perpetrator. He points to evidence establishing that he could not have been the source of semen found on a pillowcase in the victim's bedroom. The semen sample contained a moderate amount of spermatozoa. Messamore had undergone a successful vasectomy prior to the rape and abuse of the victim. A sperm count taken six weeks after the vasectomy and another taken during the course of the trial established that Messamore's semen contained no spermatozoa. Further testimony established that (1) the victim's mother had placed the pillowcase on the victim's bed on the morning of the incident and did not remove the pillowcase until the police retrieved it; (2) the pillowcase had never been used in the parent's bedroom and the parents never had sex in the victim's bedroom; and (3) the pillowcase had been washed before the mother placed it on the victim's bed. Messamore argues that the only reasonable conclusion the jury could have drawn was that he did not rape and abuse the victim. We disagree.
 
 
 12
 This court must respect the "exclusive province of the jury to determine the credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences from proven facts." United States v. Boise, 916 F.2d 497, 499 (9th Cir.1990), cert. denied, 111 S.Ct. 2057 (1991). Thus, when "faced with a record of historical facts that support conflicting inferences," the court "must presume--even if it does not affirmatively appear in the record--that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." Jackson, 443 U.S. at 326.
 
 
 13
 Messamore's exculpatory evidence was contradicted by testimony that he committed the rape and abuse. The victim testified at the second trial as follows: "I went upstairs and Frank [Messamore] told me to go in a room. He locked the door and told me to pull down my pants. He pulled down his pants and told me to lay on the bed. And he got on top of me." The trial court admitted into evidence testimony which the victim gave at the first trial in which she stated that Messamore put his "butoto" and an oil-covered finger in her "pikpik."[1] The victim's mother testified to the following conversation with the victim that occurred within one week of the incident: "And then I asked [the victim], 'What did he do?' He [sic] said he take his [sic] panty and then Frank take off his pants. You know, I said, 'What else did he do?' And then he [sic] said he put his butoto in his [sic] pikpik." The mother also testified that the victim told her that Messamore put baby oil in her "pikpik."
 
 
 14
 In the face of evidence supporting two alternative conclusions, the jury was entitled to weigh the evidence and resolve the conflict. The jury could have reasonably concluded that the semen on the pillowcase had nothing to do with the rape and abuse of the victim; it may instead have relied on the testimony of the victim and her mother. Accordingly, we affirm the district court's conclusion that sufficient evidence supported Messamore's conviction.
 
 
 15
 Ineffective Assistance by State Appellate Counsel
 
 
 16
 Messamore claims a violation of his right to effective assistance of counsel because his state appellate counsel failed to raise the above constitutional claims in his petition for certiorari to the Hawaii Supreme Court. Counsel argued each of the evidentiary issues, but argued them on state law grounds rather than constitutional grounds. Counsel did not raise the sufficiency of the evidence claim. Messamore must demonstrate that counsel's performance fell below the standard of reasonable professional competent assistance and that he suffered prejudice as a result. Strickland v. Washington, 466 U.S. 668, 687-88, 691-92 (1984); see also Smith v. Murray, 477 U.S. 527, 533-34 (1986) (ineffective assistance claims also available for appeals). Counsel's tactical decision to argue claims on a particular theory or to forego particular claims does not constitute ineffective assistance of counsel even though the tactical decision proves to be unsuccessful. See Smith, 477 U.S. at 534. Accordingly, we affirm the district court's conclusion that Messamore did not receive ineffective assistance from his state appellate counsel.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 The parties refers to a penis as a "butoto" and a vagina as a "pikpik."