565 F.2d 1015
 Robert P. GIORDANO, M.D., Appellant,
v.
Richard L. ROUDEBUSH, Administrator of Veterans Affairs,
Veterans Administration, John Chase, Eugene Caffey, Jr.,
Louis Polumbo, T. E. Corcoran, Richard Bjork, Robert Pepiot,
M. D. Pareira, and United States of America, Appellees.
 No. 77-1613.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Nov. 7, 1977.
Decided Nov. 11, 1977.
 
 Richard G. Santi and Lance A. Coppock, of Ahlers, Cooney, Dorweiler, Haynie & Smith, Des Moines, Iowa, for appellant.
 William Kanter and Harry R. Silver, Washington, D. C., for appellees.
 Before BRIGHT, STEPHENSON and HENLEY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Dr. Robert P. Giordano, the plaintiff in the action below, brings this appeal from an order of the district court.[1] In the district court, plaintiff sought review of his dismissal as a staff physician at the Veterans Administration Hospital in Des Moines, Iowa. Defendants-appellees move this court to dismiss the appeal for a lack of appellate jurisdiction. We grant the motion to dismiss.
 
 
 2
 Because of complaints received about plaintiff's competence and diligence, and friction between plaintiff and other personnel at the hospital, the hospital administrator advised plaintiff that he would have to transfer to another hospital or resign. Plaintiff was informed that if he failed to accept either of these two alternatives, a professional standards review board would be convened and the results might be detrimental to him.
 
 
 3
 Plaintiff refused to accept a transfer or resign and a professional standards review board was convened to determine if he should be retained. During its considerations, the review board called various witnesses, including plaintiff, but plaintiff was not allowed to question other witnesses nor was he allowed to be present when they were questioned. In December of 1975 this board concluded that dismissal was not warranted.
 
 
 4
 The administrator of the Veterans Administration Hospital in Des Moines sought review of this decision by a permanent professional standards review board at Veterans Administration headquarters in Washington, D. C. Plaintiff was not given notice of the appeal nor apprised of the contents of a report from a special investigator sent to Des Moines by this appeals board. In addition, plaintiff's former supervisor sent reports from himself and other employees of the Des Moines hospital to the Washington board without advising plaintiff. These materials were considered by the Washington board. After reviewing the decision of the local board, the appeals board recommended dismissal of plaintiff for failure to qualify and perform satisfactorily, effective February 21, 1976.
 
 
 5
 The plaintiff then brought this suit, alleging that his due process rights had been violated. The district court agreed, holding that the actions by the Veterans Administration affected plaintiff's "liberty" interest[2] in his professional reputation sufficient to warrant a due process hearing because his personnel file contains information that is damaging to his professional reputation and which, if disclosed, would limit his future employment opportunities. Accordingly, the court ordered the permanent professional standards review board in Washington, D.C., to reconsider its ruling within 120 days, taking into account plaintiff's response to the charges against him. However, confrontation of witnesses and other trial-type procedures are not required by the district court's order. The district court did not order immediate reinstatement or back pay, but rather retained jurisdiction to consider these issues upon completion of administrative procedures.
 
 
 6
 Plaintiff has appealed from the district court's refusal to award immediate back pay, to require the Veterans Administration to conduct a due process hearing with full trial-type procedures, and to declare 38 U.S.C. § 4106(b) and regulations promulgated thereunder as contained in the Veterans Administration's personnel manual unconstitutional for failure to provide due process. In response to defendants' motion to dismiss the appeal, plaintiff agrees that 28 U.S.C. § 1291 controls and that this court has jurisdiction thereunder because the district court reached a final decision on the above stated issues raised by plaintiff in his lawsuit.
 
 
 7
 Under 28 U.S.C. § 1291 this court has appellate jurisdiction only if an order of the district court is a "final decision." "A 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pauls v. Secretary of Air Force, 457 F.2d 294, 297 (1st Cir. 1972), quoting from Catlin v. United States, 324 U.S. 229, 233, 65 S.Ct. 631, 89 L.Ed. 911 (1945). The order appealed from in the present case does not meet the final decision test. Here the district court has only remanded the case for further administrative proceedings and thus its order is not a final judgment within the meaning of section 1291. See Pauls v. Secretary of Air Force, supra; United Transportation Union v. Illinois Central R.R., 433 F.2d 566, 568 (7th Cir. 1970), cert. denied, 402 U.S. 915, 91 S.Ct. 1374, 28 L.Ed.2d 661 (1971); Transportation-Communication Div. v. St. Louis-San Francisco Ry., 419 F.2d 933, 935 (8th Cir. 1969), cert. denied, 400 U.S. 818, 91 S.Ct. 34, 27 L.Ed.2d 45 (1970); Bohms v. Gardner, 381 F.2d 283 (8th Cir. 1967), cert. denied, 390 U.S. 964, 88 S.Ct. 1069, 19 L.Ed.2d 1164 (1968). See also Fugate v. Morton, 510 F.2d 307 (9th Cir.), cert. denied, 422 U.S. 1045, 95 S.Ct. 2665, 45 L.Ed.2d 697 (1975).
 
 
 8
 In Bohms v. Gardner, supra, the district court reversed a decision of the Secretary of HEW which had denied plaintiff disability benefits and remanded the case to the Secretary for the purpose of rehearing and for the taking of such additional evidence as the parties deemed appropriate. The plaintiff appealed from the court's refusal to order the award of benefits. This court held that the district court's order was not appealable. The opinion of Judge, now Justice, Blackmun stated:
 
 
 9
 The district court merely vacated the Secretary's decision and remanded the case for reconsideration and, possibly, the reception of additional evidence. It neither granted nor denied the relief the claimant seeks. The adverse agency decision so vacated may of course be reinstated in due course but it may go the other way. Until the Secretary acts on the remand we have no insight as to what his eventual decision will be. Thus, in the words of Catlin v. United States, supra, the litigation had not reached its end on the merits and there is more for the court to do than execute the judgment * * *.
 
 
 10
 Bohms v. Gardner, supra, 381 F.2d at 285. In the present case the district court has similarly neither granted nor denied the ultimate relief of reinstatement and back pay sought by the plaintiff.
 
 
 11
 The plaintiff contends that the administrative proceedings ordered by the district court did not afford him all of the procedural safeguards he claims are required under the due process clause and that this order is a final decision. This part of the district court's order does not fall within "that small class (of decisions) which finally determine claims of rights separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949).
 
 
 12
 The purpose of the section 1291 final decision requirement is to avoid piecemeal review. Bohms v. Gardner, supra, 381 F.2d at 285. This policy will be furthered by granting the motion to dismiss in this case. If the district court or the Veterans Administration orders reinstatement and back pay after completion of the administrative procedure, plaintiff will receive the relief he seeks and will have no reason to appeal. If, on the other hand, the district court refuses to award reinstatement and back pay, the plaintiff will not have lost the right to claim on appeal that the administrative hearing ordered by the district court was procedurally defective. Any inconvenience to the plaintiff in having to wait to recover damages, if it is ultimately determined that he is entitled to any, is outweighed by the policy of avoiding piecemeal review. See Gillespie v. United States Steel Corp., 379 U.S. 148, 152-53, 85 S.Ct. 308, 13 L.Ed.2d 199 (1964).
 
 
 13
 The appeal is dismissed without prejudice to the plaintiff to bring an appeal once the district court has entered a final judgment.[3]
 
 
 
 [1]
 The Honorable William C. Stuart, Chief Judge, United States District Court for the Southern District of Iowa
 
 
 [2]
 At the time of his dismissal, Dr. Giordano was a probationary employee of the Veterans Administration. Thus, he had no property interest in continued employment. See Board of Regents v. Roth, 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972)
 
 
 [3]
 We note that prior to this appeal the district court ordered that trial of this cause be expedited