**UNITED STATES of America, Plaintiff-Appellee,**

v.

**F/V REPULSE, in rem, Defendant-Appellant,**

**and**

**Arnie Kjarstad, Claimant-Appellant.**

No. 81–3182.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 20, 1982.

Decided Sept. 28, 1982.

Richard H. Friedman, Royce, Wollenberg & Friedman, Sitka, Alaska, for defendant-appellant.

Martin W. Matzen, Washington, D.C., for plaintiff-appellee.

Before PREGERSON, ALARCON and NELSON, Circuit Judges.

NELSON, Circuit Judge:

The claimant Arnie Kjarstad, as master of the vessel, appeals from the district court's *in rem* judgment assessing a $15,000 civil penalty against the fishing vessel Repulse pursuant to 16 U.S.C. § 1376(b) for the "unlawful taking of a marine mammal." Kjarstad argues that the action and the penalty are more criminal than civil in nature, and thus, the trial court erred in applying the preponderance of the evidence standard rather than either the beyond a reasonable doubt or intermediate clear and convincing standards of proof.

The preponderance of the evidence standard applies in civil cases, including civil penalty cases. *Addington v. Texas,* 441 U.S. 418, 423, 99 S.Ct. 1804, 1808, 60 L.Ed.2d 323 (1978). *See also United States v. Ward,* 448 U.S. 242, 100 S.Ct. 2636, 65 L.Ed.2d 742 (1980). The few exceptions are very limited and include only those cases involving fraud or possible loss of individual liberty, citizenship, or parental rights. *Santosky v. Kramer,* —— U.S. ——, 102 S.Ct. 1388, 1396, 71 L.Ed.2d 599 (1982); *Addington v. Texas,* 441 U.S. at 424, 99 S.Ct. at 1808; *Woodby v. Immigration Service,* 385 U.S. 276, 87 S.Ct. 483, 17 L.Ed.2d 362 (1966). "The interests at stake in those cases are deemed to be more substantial than the mere loss of money ...." *Addington v. Texas,* 441 U.S. at 424, 99 S.Ct. at 1808. The penalty in the present case calls only for loss of money.

Congress expressly labelled the sanction in 16 U.S.C. § 1376(b) a "civil penalty." Moreover, in the preceding section, 16 U.S.C. § 1375(b), Congress provided for criminal penalties. The specific "civil" label and juxtaposition with criminal penalties indicate Congress' clear intent to establish § 1376(b) as a civil penalty. *United States v. Ward,* 448 U.S. at 248–49, 100 S.Ct. at 2640–2641. The civil penalty is not so punitive as to negate that intent. *Id.; Kennedy v. Mendoza-Martinez,* 372 U.S. 144, 168–69, 83 S.Ct. 554, 567–568, 9 L.Ed.2d 644 (1963).

The statute and penalty in this case are neither criminal nor quasi-criminal in nature. Consequently, preponderance of the evidence was the proper standard of proof.

AFFIRMED.