Jack J. BENDER, Plaintiff-Appellee,

v.

William P. CLARK, as Successor to
James G. Watt, et al.,
Defendants-Appellants.

No. 83–1306.

United States Court of Appeals,
Tenth Circuit.

Sept. 28, 1984.

S. Kirk Ingebretsen, Denver, Colo. (David W. Furgason, Denver, Colo., with him on brief) of Welborn, Dufford & Brown, Denver, Colo., for plaintiff-appellee.

John A. Bryson, Atty., Dept. of Justice, Washington, D.C. (William Lutz, U.S. Atty. and Herbert A. Becker, Asst. U.S. Atty., Albuquerque, N.M., and Carol E. Dinkins, F. Henry Habicht, II, Asst. Attys. Gen., Raymond Zagone, Anne S. Almy, Martin Green, Attys., Dept. of Justice, Washington, D.C., with him on briefs), for defendants-appellants.

Before HOLLOWAY and BARRETT, Circuit Judges, and SETH, Chief Judge.

BARRETT, Circuit Judge.

The government appeals from an order of the district court which remanded the action to an administrative law judge (ALJ) for a determination of whether the plaintiff-appellee, Jack J. Bender, adequately showed by a preponderance of the evidence that the United States Geological Survey (USGS) erred in finding that a particular tract of federal land contained a known geologic structure (KGS). The district court had jurisdiction over this matter pursuant to 5 U.S.C. §§ 702, 704 and 28 U.S.C. § 1331.

In February, 1977, Bender filed a noncompetitive oil and gas lease offer for certain public lands in New Mexico. At the public drawing held in March, 1977, at the New Mexico State Office of the Bureau of Land Management (BLM), Bender's offer was accorded priority number one. Before the lease was issued, however, the USGS determined that the land in question was within an undefined KGS. Because 30 U.S.C. § 226(b)(1) mandates that lands within a KGS be leased by competitive bidding only, the BLM rejected Bender's lease offer on July 13, 1977. Bender subsequently appealed the BLM's decision to the Interior Board of Land Appeals (IBLA).

Although an individual applicant in Bender's position is not statutorily entitled to a hearing on this particular administrative decision, the IBLA referred the case for a recommended decision to the Hearings Division, Office of Hearing and Appeals, pursuant to 43 C.F.R. §§ 4.415 and 4.452–8(c) (1983). The IBLA specifically requested that a hearing examiner take evidence on

the question of whether this land was properly included within a KGS. *Jack J. Bender*, 40 IBLA 26, 29 (1979). On August 15, 1979, a hearing was held before an ALJ after which the ALJ recommended that the BLM's decision be affirmed. After reviewing the evidence presented at the hearing, the IBLA concluded that (1) the government satisfied its burden of establishing a prima facie case of the existence of a KGS and (2) Bender failed to show by "clear and definite" evidence that the government erred in making this determination. *Jack J. Bender*, 54 IBLA 375, 385 and 389 (1981) (*Bender II*).

Bender then sought judicial review of the IBLA's decision in federal district court, contending that the government failed to make a prima facie showing that the land was within a KGS and that the IBLA applied an improper standard of proof for him to meet in overcoming the government's decision. The district court found that although the government had established a prima facie case that the land was within a KGS, the IBLA erred legally in holding that Bender could overcome this finding only by "clear and definite evidence"; Bender need only show by a "preponderance of the evidence" that the government's determination was erroneous. Hence, the district court remanded the case to the ALJ to determine whether Bender established by a preponderance of the evidence that the KGS decision was incorrect.

On appeal, we are presented with two issues: (1) whether the remand order of the district court is a "final decision" pursuant to 28 U.S.C. § 1291, vesting us with appellate jurisdiction over this matter; (2) if so, whether the district court erred in finding that the proper standard of proof in this instance is a preponderance of the evidence.

---

1. At oral argument, counsel for Bender was not willing to concede jurisdiction in this court. Thus, we ordered the parties to submit supplemental briefs addressing the appealability of the district court's remand order.

*Appealability*

■ Although the parties did not raise the jurisdictional issue,[1] it is well established that we may raise such issues on our own motion. *E.g., Treinies v. Sunshine Mining Co.*, 308 U.S. 66, 70, 60 S.Ct. 44, 47, 84 L.Ed. 85 (1939); *Citizens Concerned v. City & Cty of Denver*, 628 F.2d 1289, 1297 (10th Cir.1980), *cert. denied*, 452 U.S. 963, 101 S.Ct. 3114, 69 L.Ed.2d 975 (1981). Under the circumstances of this case, we are faced with a unique jurisdictional question which, as far as we can determine, has not been addressed previously by any federal circuit court. We must decide whether a remand order by a federal district court to an administrative agency, in which the agency is directed to apply a legal standard contrary to its usual standard, is a "final decision" within the meaning of 28 U.S.C. § 1291.

■ The jurisdiction of United States Circuit Courts of Appeals is grounded in statute. *Century Laminating, Ltd. v. Montgomery*, 595 F.2d 563, 565 (10th Cir. 1979), *cert. dismissed*, 444 U.S. 987, 100 S.Ct. 516, 62 L.Ed.2d 417 (1979). In the absence of a specific statutory grant of jurisdiction in a particular type of dispute, we nonetheless have jurisdiction over final decisions of the federal district courts pursuant to § 1291.[2] The purpose of the finality requirement is to avoid piecemeal review. *Giordano v. Roudebush*, 565 F.2d 1015, 1018 (8th Cir.1977). Generally, "[t]o be final and appealable, the district court's judgment must end the litigation and leave nothing to be done except execute the judgment." *Matter of Glover, Inc.*, 697 F.2d 907, 909 (10th Cir.1983) (citing *Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945)). The remand by a district court to an administrative agency for further proceedings is ordinarily not appealable because it is not a final

---

2. Congress, however, has not specifically provided for appellate jurisdiction in the court of appeals over disputes such as that presently before us. Hence, we must rely on 28 U.S.C. § 1291 as the possible basis for jurisdiction over this action.

decision. *Ringsby Truck Lines, Inc. v. United States*, 490 F.2d 620, 624 (10th Cir. 1973) *cert. denied*, 419 U.S. 833, 95 S.Ct. 59, 42 L.Ed.2d 59 (1974); *Pauls v. Secretary of the Air Force*, 457 F.2d 294, 297–98 (1st Cir.1972); 15 Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction § 3914, at 550–53 (1976). We have recognized, however, that this general proposition is not to be applied if it would violate basic judicial principles. *See Ringsby Truck Lines, Inc. v. United States*, *supra* at 624 (review is allowed where effect of the district court's remand order to the Interstate Commerce Commission would be "death knell" of the action).

The United States Supreme Court has held similarly that the finality requirement of § 1291 must be applied practically rather than technically. *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949). *See also Paluso v. Mathews*, 573 F.2d 4, 8 (10th Cir.1978). Thus, the Court in *Cohen* established what is now termed the "collateral order" doctrine. 15 Wright, Miller and Cooper, *supra* § 3911, at 467. In *Cohen*, the Court held that a district court's refusal to order the plaintiff in a stockholder's derivative suit to post security for costs, as required by state statute, was immediately appealable. The Court's reasoning is vital:

> This decision appears to fall in that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated.

337 U.S. at 546, 69 S.Ct. at 1225.

▮ The government maintains that the present dispute satisfies the *Cohen* exception to applying § 1291 rigidly. We cannot hold, however, that the standard-of-proof issue decided by the district court is "separable from, and collateral to" the merits of the ultimate dispute. In *Cohen*, the Court stated that to be collateral, the matter raised on appeal must not be a step

toward a final judgment in which it would "merge," it must not affect, nor be affected by, the decision of the merits, and it must be so independent of the action that appellate review need not await final disposition of the merits. *Id.* *See also* 15 Wright, Miller & Cooper, *supra* § 3911, at 470. We conclude that under this standard, the issue decided by the district court is so intertwined with the ultimate factual determination to be made—the existence of a KGS—that it is not collateral to the merits of the dispute.

The *practical* application of § 1291, however, must be viewed under the circumstances of each case. We believe that the underlying concern of the Court in *Cohen* was whether the appellate court, under the circumstances, could not in fairness delay immediate review. Indeed, the First Circuit has held that the underlying policy considerations in *Cohen* and the internal logic of the Supreme Court's criteria suggest that the dispositive concern in such a case is the need for urgent review. *See In re Continental Investment Corp.*, 637 F.2d 1, 6 (1st Cir.1980) (Chapter X Bankruptcy reorganization proceeding). In our view, the *Cohen* Court asserted the need for the practical application of § 1291 particularly in situations where it is clearly urgent that an important issue—one that is serious and unsettled, and not within the trial court's discretion (*see* 337 U.S. at 547, 69 S.Ct. at 1226)—be decided. Thus, in the unique instance where the issue is not "collateral" but justice may require immediate review, a balancing approach should be followed to make this jurisdictional decision.

The circumstances of the instant case require the application of such a balancing test rather than the mechanical analysis of the collateral order exception. The critical inquiry is whether the danger of injustice by delaying appellate review outweighs the inconvenience and costs of piecemeal review. *Paluso v. Mathews*, *supra* at 8. *But see* 15 Wright, Miller & Cooper, *supra* § 3911, at 476–77 (the authors assert that although the Supreme Court in *Dickinson v. Petroleum Conversion Corp.*, 338 U.S.

507, 70 S.Ct. 322, 94 L.Ed. 299 (1950), apparently approved this ad hoc analysis, it nonetheless required that the finality and separability criterions be satisfied). Our analysis of the competing considerations in this dispute convinces us that the need for immediate review clearly outweighs the concerns over piecemeal review. As admitted by both parties, the standard-of-proof issue is a serious and unsettled one in the federal oil and gas leasing area. This is no less true for individual applicants than for the government because it is of great significance to other cases currently and ultimately brought before the Department of Interior regarding the nature of the leasing scheme in a given area. *Cf. Paluso v. Mathews, supra* at 8 (*important* issue of federalism alone enough to tip scale in favor of immediate review).

Further, and perhaps most important, because the government in such a case has no avenue for obtaining judicial review of its *own* administrative decisions, it may well be foreclosed from again appealing the district court's determination at any later stage of this proceeding. It is of course possible that this case may again reach the judicial stage if Bender should again lose his ultimate claim on remand to the agency. It is possible, but speculative in our view, that the government could then raise this standard-of-proof issue on cross-appeal. This scenario of "possibilities" is too conjectural to avoid reaching a more just result. We therefore conclude that we have jurisdiction to consider the present appeal.[3]

### Standard of Proof

The government maintains that the IBLA did not err in requiring Bender to make a clear and definite showing that the USGS erred in its KGS determination. This heightened standard is necessary, the government asserts, because the present "case involves merely the application, in an administrative hearing rather than a judicial review context, of the familiar and well settled principle that agency determinations involving technical questions are entitled to great weight and will be deferred to if supported by substantial evidence." Brief for the Appellants at 7–8 (citing *FPC v. Florida Power & Light Co.,* 404 U.S. 453, 463–67, 92 S.Ct. 637, 643–46, 30 L.Ed.2d 600 (1972), *reh'g denied,* 405 U.S. 948, 92 S.Ct. 929, 30 L.Ed.2d 819 (1972) and *Environmental Defense Fund v. Andrus,* 619 F.2d 1368, 1382 (10th Cir.1980)). Further, the government contends that the "preponderance of the evidence" standard is applicable only to hearings subject to the provisions of the Administrative Procedure Act (APA), 5 U.S.C. §§ 551 *et seq.,* 701 *et seq.* Thus, because the hearing conducted in this case was not one "required by statute," 5 U.S.C. § 554, the government reasons that the preponderance standard is not appropriate; "clear and definite evi-

---

3. These "urgency" and "importance" factors distinguish the present case from other circuit court cases holding that district court remand orders to administrative agencies are not final. *See, e.g., Eluska v. Andrus,* 587 F.2d 996 (9th Cir.1978) (remand order instructed appellant-applicant for Alaskan Native allotment to exhaust administrative remedies through agency's further development of additional evidence; urgency of effective judicial review not a concern since later review clearly available); *Giordano v. Roudebush,* 565 F.2d 1015 (8th Cir.1977) (*private* appellant contested remand order which merely ordered further administrative proceedings, a discretionary action by district court); *Barfield v. Weinberger,* 485 F.2d 696 (5th Cir. 1973) (remand order instructed Secretary of HEW to determine if hearing previously conducted on claimant's petition to reopen social security benefits case was in accord with due process; such an order did not establish any serious legal precedent); *Pauls v. Secretary of the Air Force,* 457 F.2d 294 (1st Cir.1972) (remand order instructed Secretary to produce documents and information, clearly within district court's discretion); *Dalto v. Richardson,* 434 F.2d 1018 (2d Cir.1970), *cert. denied,* 401 U.S. 979, 91 S.Ct. 1211, 28 L.Ed.2d 330 (1971) (remand order instructed hearing examiner to take additional evidence, clearly within district court's discretion); *United Transportation Union v. Illinois Central R.R. Co.,* 433 F.2d 566 (7th Cir.1970), *cert. denied,* 402 U.S. 915, 91 S.Ct. 1374, 28 L.Ed.2d 661 (1971) (although remand order concerned important evidentiary question, government was not a party and thus urgency factor not a concern); *Mayersky v. Celebrezze,* 353 F.2d 89 (3d Cir.1965) (remand order instructed Secretary to take additional evidence which is within district court's discretion).

dence" is the proper standard. We disagree.

█ In applying the clear-and-definite-evidence standard in this proceeding, the IBLA followed a rule established solely by the Department of Interior for informal adjudicatory proceedings. *See Bender II, supra* (citing *Donnie R. Clouse,* 51 IBLA 221 (1980) and *United States v. Alexander,* 41 IBLA 1, 11 (1979)). Our research substantiates the district court's finding that no statutory or judicial authority exists for this standard of proof in such a situation.[4] *See Jack J. Bender v. James G. Watt,* No. 81–682–JB, at 4 (D.N.M. Dec. 28, 1982). It is well settled that where Congress has failed to establish the degree of proof required in an administrative proceeding, the judiciary is the traditional, and the most appropriate, forum to prescribe the standard. *Herman & MacLean v. Huddleston,* 459 U.S. 375, 103 S.Ct. 683, 691, 74 L.Ed.2d 548 (1983); *Steadman v. SEC,* 450 U.S. 91, 95, 101 S.Ct. 999, 1004, 67 L.Ed.2d 69 (1981), *reh'g denied,* 451 U.S. 933, 101 S.Ct. 2008, 68 L.Ed.2d 318 (1981); *Woodby v. INS,* 385 U.S. 276, 284, 87 S.Ct. 483, 487, 17 L.Ed.2d 362 (1966). Hence, we must determine the appropriate standard of proof required in an administrative proceeding conducted to decide whether a particular tract subject to federal oil and gas leasing is within a KGS.

█ The traditional standard required in a civil or administrative proceeding is proof by a preponderance of the evidence. *Sea Island Broadcasting Corp. v. FCC,* 627 F.2d 240, 243 (D.C.Cir.1980), *cert. denied,* 449 U.S. 834, 101 S.Ct. 105, 66 L.Ed.2d 39 (1980); *Collins Securities Corp. v. SEC,* 562 F.2d 820, 823 (D.C.Cir. 1977). The government's contention that such a standard is applicable only in APA

hearings is without merit. If an administrative hearing is not required by statute, it does not necessarily follow that the *traditional* standard of proof—preponderance of the evidence—is inapplicable. Although the procedural safeguards elicited in § 556 of the APA do not apply to informal administrative hearings,[5] *see Wong Yang Sung v. McGrath,* 339 U.S. 33, 50, 70 S.Ct. 445, 454, 94 L.Ed. 616 (1950), the agency's ultimate review of the evidence presented at any hearing must not controvert basic principles of fairness. If an agency elects to conduct an informal hearing, the proper standard of proof—one which considers all the interests concerned—must be invoked.

█ The traditional preponderance standard must be applied unless the type of case and the sanctions or hardship imposed require a higher standard. *See Woodby v. INS, supra* 385 U.S. at 286, 87 S.Ct. at 488; *Collins Securities Corp. v. SEC, supra* at 823–26. Indeed, the clear-and-definite standard is ordinarily reserved for situations "where particularly important individual interests or rights are at stake," such as the potential deprivation of individual liberty, citizenship, or parental rights. *Herman & MacLean v. Huddleston, supra* 103 S.Ct. at 691. *Cf. United States v. F/V Repulse,* 688 F.2d 1283, 1284 (9th Cir.1982) (preponderance standard properly applied in "civil penalty" case). The federal courts have not waivered from this analysis in the administrative setting. *See, e.g., Woodby v. INS, supra* (deportation requires clear and convincing evidence); *Decker v. SEC,* 631 F.2d 1380, 1383–84 (10th Cir.1980) (because the interests at stake are not substantial enough, a civil violation of the Investment Company Act is provable by a preponderance of the evidence); *Sea Island Broadcasting Corp. v. FCC, supra* at 244 (where

---

**4.** The government cites *Burton/Hawks, Inc. v. United States,* 553 F.Supp. 86 (D.Utah 1982), for the proposition that the clear-and-convincing-evidence standard is appropriate in informal agency proceedings. The government's reliance on this case is misplaced for two reasons: (1) the parties in *Burton/Hawks* did not dispute the propriety of the standard of proof applied by the IBLA; and (2) the standard applied in *Burton/Hawks* concerned only the appropriate

amount of reliance by the BLM and the IBLA on a USGS determination *absent a hearing. Id.* at 92–93.

**5.** The regulations of the Department of Interior, however, provide for procedural protections for the parties involved in such informal hearings. *See* 43 C.F.R. §§ 4.415, 4.430–.439 (1983).

license revocation tantamount to loss of livelihood, clear-and-convincing standard applicable; otherwise, preponderance standard may be appropriate); *Collins Securities Corp. v. SEC, supra* at 823–26 (clear-and-convincing standard applicable in SEC proceeding to revoke broker-dealer registration for violation of antifraud provisions of 1934 Securities Exchange Act where type of case (fraud) and possible heavy sanction (deprivation of livelihood) are present).

■ In the present case, the government's interest in implementing Congressional leasing policy on federal lands simply ·falls short of requiring a heightened standard of proof. Further, the government does not present convincing reasons beyond its interest justifying application of the clear-and-definite standard in such a case. It argues merely that the fundamental principle of judicial deference to an administrative agency's determination of a technical factual question should translate into a higher standard of proof required of private parties contesting agency decisions at an informal hearing. This argument, however, confuses the scope of judicial review of factual determinations by an agency with the standard of proof applicable in administrative hearings conducted to determine such matters. The deference given to an agency's decision on a matter requiring expertise should be made only in the judicial forum, after the final agency determination is made following its review of all the evidence presented. *See FPC v. Florida Power & Light Co., supra* 404 U.S. at 463, 92 S.Ct. at 643. Hence, the scope of judicial review of final agency action has no effect on the requisite standard of proof in the administrative hearing itself.

■ We therefore hold that when the Department of Interior elects to conduct an informal hearing to consider all the evidence in determining whether a KGS exists for purposes of oil and gas leasing, the opposing party may overcome the USGS's finding by a preponderance of the evidence. The district court's order is therefore affirmed and the case is remanded to the Department of Interior for further proceedings in accordance with this opinion.

AFFIRMED.

SETH, Chief Judge, concurring:

I concur in the conclusion that the remand may be appealed, and in the standard of proof to be applied.

The remand here considered is not a remand for "further proceeding" or for "additional evidence" or in any way to complete or add to the record as are so many remands considered in the cited cases. This was a remand for the application to all the facts of a different rule of law. It is a final disposition of the entire case by the trial court on legal grounds. It is not a collateral order. It is an issue which the agency will not be able to otherwise appeal. *See Cohen v. Perales,* 412 F.2d 44 (5th Cir.1969). I would hold that the remand may be appealed as a final disposition or final judgment. I would also set aside the order or decision here sought to be reviewed.