**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 6, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED KEETOOWAH BAND OF
CHEROKEE INDIANS IN
OKLAHOMA,

      Plaintiff-Appellee,

v.

UNITED STATES OF AMERICA,
ex rel. Gale A. Norton, Secretary of
the Interior; PHILIP N. HOGEN,
Chairman of National Indian Gaming
Commission,

      Defendants,

    and

STATE OF OKLAHOMA, ex rel.
Tim Kuykendall, District Attorney
District 21, Special Prosecutor,

      Defendant-Appellant.

No. 06-7033
(D.C. No. 04-CV-340-RAW)
(E.D. Okla.)

---

THE CHEROKEE NATION,

      Amicus Curiae.

---

**ORDER AND JUDGMENT**[*]

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

(continued...)

Before **PORFILIO**, **ANDERSON**, and **BALDOCK**, Circuit Judges.

The State of Oklahoma appeals the district court's order setting aside a final decision of the National Indian Gaming Commission (Commission) and remanding to the Commission for further proceedings. In the same order the district court also denied as moot the State's summary judgment motion and noted that a preliminary injunction maintaining the status quo remained in effect. We dismiss the appeal for lack of jurisdiction because the order is not a final order.

## I. Background

This action involves a dispute between the United Keetoowah Band of Cherokee Indians in Oklahoma (UKB), the United States, and Oklahoma, regarding whether UKB can legally operate a gaming facility on certain land in Tahlequah, Oklahoma (Land). UKB asserts that the Land is "Indian land" as defined by the Indian Gaming Regulatory Act (IGRA), 25 U.S.C. § 2703(4), and is therefore subject to regulation by the Commission. UKB began operating a gaming facility on the Land at least as early as 1991 and the Commission began regulating those gaming operations beginning as early as 1993. But in September

[*](...continued)
ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

-2-

2000, the Commission informed UKB by letter that it had reached the conclusion that the Land is not "Indian land" and therefore the IGRA does not apply to UKB's gaming operations. Consequently, the Commission ceased all regulation of those operations.

Oklahoma then informed UKB that its gaming operations on the Land were in violation of state law, which it intended to enforce against UKB. UKB filed a declaratory judgment action against Oklahoma in state court. The state court enjoined Oklahoma from enforcing its laws against UKB's purported gaming violations "during the pendency of this action until such time that a final order is entered." App., Vol. 1 at 55. Oklahoma removed the case to federal court and filed a declaratory judgment counterclaim against UKB. UKB later amended its complaint to add the United States as a defendant under the Administrative Procedure Act (APA), 5 U.S.C. § 702.

All parties filed motions for summary judgment. The district court also asked for additional briefing on whether the Commission's September 2000 letter determining that the Land was not Indian land was a final decision under the APA and whether that determination was arbitrary and capricious. In an order dated January 26, 2006, the district court concluded that the Commission's letter was a final agency action. The court reversed the Commission's determination as arbitrary and capricious and remanded to the Commission for further proceedings. With respect to the pending summary judgment motions, the district court stated,

"Because the Court is remanding this matter to the [Commission] for further investigation and explanation, motions for summary judgment . . . in this action are moot." App., Vol. 3 at 773. The court stated further that, "[i]n order to maintain the status quo, the preliminary injunction remains in effect." *Id.* at 774. Oklahoma filed a timely notice appealing the district court's January 26 order.[1] We asked the parties to submit briefs addressing whether that order is appealable.

## II. Discussion

We have appellate jurisdiction over final decisions of the district courts under 28 U.S.C. § 1291. *Bender v. Clark*, 744 F.2d 1424, 1426 (10th Cir. 1984). *Id.* "Generally, to be final and appealable, the district court's judgment must end the litigation and leave nothing to be done except execute the judgment." *Id.* (quotation and brackets omitted). "The finality requirement in § 1291 evinces a legislative judgment that restricting appellate review to final decisions prevents the debilitating effect on judicial administration caused by piecemeal appeal disposition of what is, in practical consequences, but a single controversy." *Mesa Oil, Inc. v. United States*, 467 F.3d 1252, 1254 (10th Cir. 2006) (quotation omitted).

There are exceptions to the final judgment rule. Under 28 U.S.C. § 1292(a)(1) we have jurisdiction to review "[i]nterlocutory orders of the district

---

[1] The United States also appealed the January 26 order, *see* Case No. 06-7028, but subsequently dismissed its appeal.

courts . . . granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions." But we construe this section narrowly "to ensure that appeal as of right under § 1292(a)(1) will be available only in limited circumstances." *Pimentel & Sons Guitar Makers, Inc. v. Pimentel*, 477 F.3d 1151, 1153 (10th Cir. 2007) (quotation and brackets omitted).

Oklahoma argues first that we have appellate jurisdiction under § 1291 because the district court's January 26 order is a final judgment on its counterclaim. Alternatively, the State maintains that we have jurisdiction under § 1292(a)(1) because the January 26 order "continued" the preliminary injunction. We reject both of these contentions as meritless.

### A. Jurisdiction Under § 1291

A district court's remand to an administrative agency for further proceedings is ordinarily not a final, appealable order. *See Bender*, 744 F.2d at 1426-27. Oklahoma does not argue that any exception to that rule applies in this case. *See id.* at 1427-28 (noting the "general proposition is not to be applied if it would violate basic judicial principles"). Rather, it argues that the district court "effectively" dismissed its claim against UKB as moot, by entering a final judgment in the case. Aplt. Jurisdictional Br. at 6. Although the State does not include a citation to the record, it apparently relies upon the judgment entered contemporaneously with the district court's January 26 order. This argument borders on being frivolous. First, the State points to no order by the district court

dismissing its counterclaim. Indeed, it is clear that in its January 26 order the district court merely denied Oklahoma's summary judgment *motion* as moot pending the outcome of its remand to the Commission. Moreover, the district court did not direct entry of final judgment on the State's counterclaim, as required by Fed. R. Civ. P. 54(b). The judgment entered by the district court states only that, "[i]n accordance with the Order entered contemporaneously herewith, this action is hereby remanded to the National Indian Gaming Commission for further proceedings." App., Vol. 3 at 775. Because the district court's January 26 order is not a final judgment on Oklahoma's claim against UKB, we have no jurisdiction to review it under § 1291.

### B. Jurisdiction Under § 1292(a)(1)

Oklahoma asserts alternatively that we have jurisdiction under § 1292(a)(1) because the January 26 order left the preliminary injunction in place. We conclude that we do not have jurisdiction to review any of the State's claims of error by the district court with respect to the preliminary injunction.

First, it argues that the injunction was "obtained without authority of law." Aplt. Opening Br. at 35. The State moved to vacate the preliminary injunction on that basis, but the district court denied its motion on June 24, 2005. We would ordinarily have jurisdiction to review the district court's interlocutory denial of a motion to vacate an injunction under § 1292(a)(1). *See Commercial Sec. Bank v. Walker Bank & Trust Co.*, 456 F.2d 1352, 1355 (10th Cir. 1972) (holding order

-6-

refusing to dissolve or modify preliminary injunction appealable under § 1292(a)(1)). But the State did not appeal that ruling within the time period prescribed by Fed. R. App. P. 4(a)(1). *See Aid for Women v. Foulston*, 441 F.3d 1101, 1109 (10th Cir. 2006) (applying Rule 4(a)(1) to appeal under § 1292(a)(1)). Because it failed to file a timely notice of appeal, we are without jurisdiction to review the district court's order denying the State's motion to vacate the preliminary injunction. *Alva v. Teen Help*, 469 F.3d 946, 948 (10th Cir. 2006) (holding timely notice of appeal is jurisdictional prerequisite to appellate review).

Second, Oklahoma contends that we have jurisdiction under § 1292(a)(1) because, in denying its summary judgment motion, the district court again rejected its request to vacate the preliminary injunction. The State did not seek to have the injunction dissolved in its summary judgment motion. *See* App., Vol. 2 at 318. Nor did it address in its summary judgment brief the propriety of continuing or dissolving the preliminary injunction prior to the entry of final judgment. But it points to the following request for relief in its summary judgment brief:

> Since the material facts are not in dispute, this Honorable Court should grant the State . . . Summary Judgment on its Counterclaim against the Plaintiff . . ., vacate the Temporary Injunction heretofore entered and extended and declare that the commercial gambling operations being conducted on the [Land] by Plaintiff are within the jurisdiction of the State. . . .

*Id.* at 347 (emphasis omitted). Although it asserts that we have appellate

jurisdiction under § 1292(a)(1) based on the district court's denial of this request

to vacate the injunction, it is clear that, through this appeal, Oklahoma seeks a

review of the merits of its summary judgment motion.[2]

We conclude that the district court's denial of Oklahoma's summary

judgment motion as moot is not an appealable order under § 1292(a)(1). It is

well-settled law that the denial of summary judgment is not a final, appealable

decision. *Smith v. Diffee Ford-Lincoln-Mercury, Inc.*, 298 F.3d 955, 966

(10th Cir. 2002) (dismissing appeal of denial of summary judgment for lack of

jurisdiction). Moreover, even when a district court denies a summary judgment

motion seeking a permanent injunction, § 1292(a)(1) does not provide a basis for

appellate jurisdiction. In *Switzerland Cheese Ass'n, Inc. v. E. Horne's Market,

Inc.*, 385 U.S. 23, 25 (1966), the Supreme Court characterized the denial of such a

summary judgment motion because of disputed issues of fact as relating only to

"pretrial procedures" and therefore not "'interlocutory' within the meaning of

§ 1292(a)(1)." The Court observed that "[a] district judge's orders advancing a

case to trial ought not to be critically examined and re-examined by the

cumbersome method of appeal before he has approached the stage of

adjudication." *Id.* at 25 n.3 (quotation omitted). *See also Heron v. City and*

---

[2]     The State asserts on appeal that the district court should have granted
summary judgment in its favor and it asks this court to remand with an instruction
to the district court to do so. *See* Aplt. Opening Br. at 24-33, 35.

*County of Denver*, 317 F.2d 309, 311 (10th Cir. 1963) (holding denial of summary judgment motion seeking permanent injunction not appealable under § 1292(a)(1)). Nor do we have jurisdiction under § 1292(a)(1) to review a denial of summary judgment that is characterized as *refusing to dissolve*, rather than denying, an injunction. *See Beasley v. Union Pac. R.R. Co.*, 652 F.2d 749, 750 (8th Cir. 1981) (per curiam) (applying *Switzerland Cheese* to dismiss appeal for lack of jurisdiction where denial of summary judgment resulted in failure to dissolve injunction).

Here, Oklahoma sought a final judgment in its favor, one result of which would be dissolution of the preliminary injunction. If the district court had denied the State's motion based on material facts in dispute, its order would not be appealable. *See Switzerland Cheese*, 385 U.S. at 25 (noting that denial of summary judgment "is strictly a pretrial order that decides only one thing–that the case should go to trial"). But the district court did not deny the State's motion on the merits. It simply held that all parties' summary judgment motions were moot pending the remand to the Commission, effectively postponing its ruling on the motions. Under settled law precluding piecemeal appeals, we do not have jurisdiction to review the district court's order denying Oklahoma's summary judgment motion as moot.

Finally, the State argues that we have jurisdiction to review the district court's January 26 order because it explicitly left the preliminary injunction in

place pending the outcome of the remand to the Commission, thus "continuing" the injunction under § 1292(a)(1).[3] Once again, we disagree. Under § 1292(a)(1), we have jurisdiction over "orders regarding express motions for injunctive relief" and "orders with the practical effect of disposing of a request for injunctive relief." *Forest Guardians v. Babbitt*, 174 F.3d 1178, 1184-85 (10th Cir. 1999) (quotations omitted). Here, Oklahoma never asked the district court to vacate the preliminary injunction pending the remand to the Commission. Absent such a request, the district court's statement that the order would remain in effect does not transform its otherwise-unappealable order into an appealable interlocutory injunctive order. *Cf. Lermer Germany GmbH v. Lermer Corp.*, 94 F.3d 1575, 1577 (Fed. Cir. 1996) (dismissing appeal of order "refusing" preliminary injunction under § 1292(a)(1) where that relief was never requested). "[T]here is no reason to grant a right to appellate review of a district court order denying relief that was not sought." *Id.* Were we to hold otherwise, a district court could not point out the continuing effect of a preliminary injunction without creating an appealable order.

---

[3]    UKB argues that we should reject this argument because the district court's order did not "extend or prolong the restraint." *Sierra Club v. Marsh*, 907 F.2d 210, 213 (1st Cir. 1990). But this court has not construed "continuing" in § 1292(a)(1) so narrowly. *See Keyes v. Sch. Dist. No. 1*, 895 F.2d 659, 663 (10th Cir. 1990) (equating "continuing" an injunction with refusing to dissolve it).

-10-

### III. Conclusion

The appeal is DISMISSED for lack of jurisdiction.  The Cherokee Nation's motions to file amicus briefs are DENIED.

Entered for the Court


John C. Porfilio
Circuit Judge