**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 1, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

YENNY DURLANDY
MAHECHA-GRANADOS,

Petitioner,

v.

ERIC H. HOLDER, JR.,[*]
United States Attorney General,

Respondent.

No. 08-9532
(Petition for Review)

---

**ORDER AND JUDGMENT**[**]

---

Before **TACHA**, **MURPHY**, and **HARTZ**, Circuit Judges.

---

Yenny Durlandy Mahecha-Granados petitions for review of an order of the

Board of Immigration Appeals (BIA), reversing a grant of asylum by an

---

[*]    In accordance with Fed. R. App. P. 43(c)(2), Eric H. Holder Jr. is
substituted for Michael B. Mukasey as the respondent in this appeal.

[**]    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel.  It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Immigration Judge (IJ) and remanding to the IJ for further proceedings. Concluding that this court lacks jurisdiction, we dismiss the petition for review.

## *Background*

Ms. Mahecha-Granados is a citizen of Columbia. She entered the United States legally in March 2004, but remained beyond the authorized time. She filed an application for asylum and restriction on removal in March 2005. At a hearing in June 2005, she conceded removability and requested a hearing on asylum, restriction on removal, protection under the Convention Against Torture (CAT), and voluntary departure.

At a later hearing Ms. Mahecha-Granados presented evidence in support of her claim of a well-founded fear of persecution by the Revolutionary Armed Forces of Colombia, also known as FARC, if she returned to Columbia. The IJ found that removability was established by clear, convincing, and unequivocal evidence. But he granted Ms. Mahecha-Granados's application for political asylum. The IJ did not address her applications for restriction on removal, protection under the CAT, or voluntary departure.

The Department of Homeland Security (DHS) appealed the IJ's asylum decision to the BIA and also filed a motion to remand to the IJ for a "more substantive decision." Admin. R., DHS Motion to Remand (Jan. 17, 2007) at 2.[1]

---

[1]     In their briefs the parties cite to a consecutively paginated administrative
(continued...)

The BIA denied DHS's motion to remand for a more substantive decision, but reversed the IJ's order granting asylum, and then "remanded for further proceedings in order for the Immigration Judge to identify a country or countries to which the respondent may be removed and to consider any other applications for relief or protection for which she may be eligible." *Id.*, BIA Decision (March 26, 2008) at 1(footnote omitted). The BIA further specified that its remand to the IJ was "for the issuance of a new decision." *Id.* at 2.

The Attorney General has moved to dismiss Ms. Mahecha-Granados's petition for review of the BIA's decision, arguing that because of the BIA's remand to the IJ, this court lacks jurisdiction.

### *Discussion*

Ms. Mahecha-Granados advances several arguments in support of her contention on the merits that the BIA's reversal of the IJ's grant of asylum was in error. But we must first determine whether we have jurisdiction to consider her claims. *See Sosa-Valenzuela v. Gonzales*, 483 F.3d 1140, 1143 (10th Cir. 2007).

"The jurisdiction of United States Circuit Courts of Appeals is grounded in statute." *Bender v. Clark*, 744 F.2d 1424, 1426 (10th Cir. 1984). Our jurisdiction to review removal proceedings arises under a specific statutory grant in the

---

[1](...continued)
record, but the record received by this court is not paginated. Therefore, we will cite to the relevant page numbers of the individual documents contained in the record.

Immigration and Nationality Act (INA), 8 U.S.C. § 1252(a)(1). *See Hamilton v. Gonzales*, 485 F.3d 564, 565 (10th Cir. 2007). Section 1252(a)(1) "establishes judicial review of a final order of removal." *Id.* (internal quotation marks and brackets omitted). "We construe § 1252(a)(1) narrowly, and have consistently found we lack jurisdiction to review immigration decisions that fall short of a final removal order." *Id.* at 566.

Although the term *order of removal* is not expressly defined by statute, the term *order of deportation* is defined by 8 U.S.C. § 1101(a)(47)(A) as "the order . . . concluding that the alien is deportable or ordering deportation." When construing the INA, we have stated that "[t]he terms removable and deportable are synonymous." *Hamilton*, 485 F.3d at 565 n.2. In *Sosa-Valenzuela* we held that the BIA has no authority to issue an order of removal in the first instance. 483 F.3d at 1147. But we acknowledged that "[i]f the IJ makes a finding of removability, that finding satisfies § 1101(a)(47)'s definition of an order of deportation. In those circumstances, the BIA can order removal if it reverses the IJ's [grant of relief from removal]." *Id.* at 1146. To support this conclusion we cited cases from other circuits holding that there was a final, reviewable order of removal when "the BIA has merely eliminated impediments to removal and effected the original removal order." *Id.* (internal quotation marks omitted). Distinguishing those decisions, however, *Sosa-Valenzuela* held that we did not

-4-

have jurisdiction in that case because the IJ had made no express finding of removability and had not entered an order of removal. *Id.* at 1147.

In the case now before us Ms. Mahecha-Granados conceded removability, and the IJ made an express finding that she is removable. On this basis she contends that under the reasoning of the decisions cited but distinguished in *Sosa-Valenzuela*, the BIA's reversal of the IJ's grant of asylum gave effect to the IJ's order of removal, making it final and reviewable by this court. The Attorney General counters that the BIA's decision is not final because it remanded Ms. Mahecha-Granados's case to the IJ for further proceedings. We agree with the Attorney General that as a result of the BIA's remand, this court does not have jurisdiction to consider Ms. Mahecha-Granados's petition for review.

We lack jurisdiction to review a removal order unless it is final. This restriction echoes the limitation of our jurisdiction under 28 U.S.C. § 1291 to "final decisions" of the federal district courts. We have stated that "[t]he purpose of the finality requirement is to avoid piecemeal review," and "[g]enerally, to be final and appealable, the district court's judgment must end the litigation and leave nothing to be done except execute the judgment." *Bender*, 744 F.2d at 1426 (internal quotation marks and brackets omitted). Thus, we held in *Bender* that a district court's remand to an administrative agency for further proceedings "is ordinarily not appealable because it is not a final decision." *Id.* at 1426-27. And more recently we have cautioned that exceptions to the general rule "must be

-5-

narrowly construed." *Trout Unlimited v. U.S. Dep't of Agric.*, 441 F.3d 1214, 1219 (10th Cir. 2006) (internal quotation marks omitted). The importance of finality and the avoidance of piecemeal judicial review is no less a concern in the immigration context. *See Baca-Prieto v. Al Guigni*, 95 F.3d 1006, 1008-09 (10th Cir. 1996) (acknowledging pertinence of administrative-remand rule in immigration context, but applying exception to that rule articulated in *Bender*).

Against this backdrop we cannot agree with Ms. Mahecha-Granados's contention that the BIA's order reversing a grant of asylum and remanding to the IJ for further proceedings is subject to our judicial review. As a result of the BIA's remand order, the IJ has before him claims seeking other "impediments" to her removal. Ms. Mahecha-Granados raised these additional claims, but because the IJ granted her asylum, his initial decision did not reach them. Ms. Mahecha-Granados would have us review the BIA's reversal of the IJ's grant of asylum at the same time that the IJ is considering, on remand, her other petitions for relief from removal. We decline to engage in such piecemeal review. *See Bender*, 744 F.2d at 1426-27 (district court's remand to administrative agency for further proceedings is ordinarily not appealable); *Rhodes-Bradford v. Keisler*, 507 F.3d 77, 81 (2d Cir. 2007) (remand to IJ to consider avenues of relief from removal not initially addressed by IJ "would not be purely ministerial").

Ms. Mahecha-Granados points us to cases from our sister circuits holding that a court of appeals had jurisdiction to review a BIA decision reversing a grant of relief from removal, despite a remand by the BIA to the IJ for limited further proceedings. But none of these cases involved remands for the IJ to consider further claims for relief from removal.

The first case cited by Ms. Mahecha-Granados, *Yusupov v. Attorney General*, 518 F.3d 185 (3d Cir. 2008), is the most instructive. In that case the BIA granted the aliens deferral of removal under the CAT, but denied asylum and restriction on removal. *Id.* at 192-94. On petitions for review the court considered whether it had jurisdiction to consider the denials of asylum and restriction on removal, in light of the BIA's remand to the IJ to allow DHS "to complete or update identity, law enforcement, or security investigations."[2] *Id.* at 196. Reasoning that nothing in the completed or updated investigations of petitioners on remand could affect the grants or denials of relief from removal involving them, *id.* at 196 n.19, the court concluded that it had jurisdiction over

---

[2]     8 C.F.R. § 1003.1(d)(6)(i) precludes the BIA from affirming or granting certain relief from removal unless all required identity, law enforcement, or security investigations or examinations have been completed. The regulation further provides that the BIA "will determine the best means to facilitate the final disposition of the case," including remanding to the IJ with instructions to allow DHS to complete such investigations. *See* § 1003.1(d)(6)(ii)(A); *see also* 8 C.F.R. § 1003.47.

the petitions because "[t]hese administrative matters [on remand] do not affect the controlling removal determination," *id.* at 196.

In *Yusupov* the Third Circuit analyzed its jurisdiction to review the BIA's decision by applying settled law regarding the appealability of administrative orders. The court reasoned:

> The Supreme Court has specified that administrative orders are final when they mark the consummation of the agency's decision-making process, and when rights or obligations have been determined or when legal consequences will flow from the decision. Ordinarily a remand to an administrative agency is not a final order for purposes of appellate jurisdiction.

*Id.* at 195 (internal quotation marks and citation omitted). Ultimately the court concluded that an exception to the administrative-remand rule was warranted in that case. But the nature of the remand here does not justify such an exception. Unlike the remand in *Yusupov*, the BIA's remand for the IJ to consider Ms. Mahecha-Granados's additional petitions for relief from removal and to enter a new decision could affect the controlling removal determination.

In three other cases cited by Ms. Mahecha-Granados, the courts found that a petition for review of a BIA order denying relief from removal was not prematurely filed, even though an IJ was simultaneously considering the issue of country of removal or a petition for voluntary departure on remand from the BIA. *See Saldarriaga v. Gonzales*, 402 F.3d 461, 465 n.2 (4th Cir. 2005) (voluntary departure); *Castrejon-Garcia v. I.N.S.*, 60 F.3d 1359, 1361-62 (9th Cir. 1995)

(voluntary departure); *Del Pilar v. U.S. Att'y Gen.*, 326 F.3d 1154, 1156 (11th Cir. 2003) (relying on *Castrejon-Garcia* in holding that BIA's remand for limited purpose of permitting alien to designate a country of removal did not preclude exercise of jurisdiction to review BIA's reversal of IJ's grant of waiver of inadmissibility).[3] The remands in these cases were for a "limited purpose," *Del Pilar*, 326 F.3d at 1156, or for "subsidiary determinations," *Saldarriaga*, 402 F.3d at 465 n.2, and none involved consideration of additional claims for relief from removal. Thus, these decisions are consistent with the reasoning in *Yusupov*, because the issues to be considered on remand could not affect the controlling removal determinations.[4] Here, in contrast, the BIA remand order called for a new decision and specifically directed the IJ to consider other applications for relief or protection from removal. Thus, the cases cited by Ms. Mahecha-Granados do not persuade us that we have jurisdiction to review the BIA's order.

---

[3]      Ms. Mahecha-Granados also relies on *Perkovic v. I.N.S.*, 33 F.3d 615, 618 (6th Cir. 1994), in which the BIA reversed an IJ's grant of asylum and remanded to the IJ. *Perkovic* is distinguishable from this case because the petition for review was filed *after* the IJ entered a decision designating a country of removal and granting voluntary departure, rather than before the IJ reached its decision on remand. *See id.*

[4]      We need not, and do not, decide today whether this court would have jurisdiction to review a BIA order reversing a grant of relief from removal but remanding to the IJ only for consideration of country of removal and voluntary departure.

### *Conclusion*

The petition for review is dismissed for lack of jurisdiction.

Entered for the Court


Harris L Hartz
Circuit Judge