**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 30, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

IRMA YOLANDA LEAL-BARRAZA,
a/k/a Irma Yolanda Leal, a/k/a Irma
Yolanda Barraza,

Petitioner,

v.

ERIC H. HOLDER, JR.,

Respondent.

No. 08-9574

(Board of Immigration Appeals)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **EBEL**, and **O'BRIEN**, Circuit Judges.

---

Irma Leal-Barraza petitions for review of a Board of Immigration Appeals

(BIA) order reversing a cancellation of removal granted by an immigration judge

(IJ). We dismiss her petition for lack of jurisdiction under 8 U.S.C.

§ 1252(a)(2)(B)(i).

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.    BACKGROUND

Ms. Leal-Barraza, a Mexican national, illegally entered the United States in 1992.  Since then she has been living with Ruben Castenada[1] and has given birth to their four children, who are citizens of the United States.  Mr. Castenada is authorized to work in the United States and is pursuing his residency application.

On February 21, 2006, Ms. Leal-Barraza was convicted of a domestic-violence offense in a Colorado court.  A week later the Department of Homeland Security (DHS) commenced removal proceedings against her.  She conceded removability on her illegal-entry charge and requested cancellation of removal under 8 U.S.C. § 1229b, claiming that her removal would result in exceptional and extremely unusual hardship to her children.

The IJ found that Ms. Leal-Barraza met § 1229b's requirements of ten years' physical presence in the United States, possession of good moral character, and lack of disqualifying convictions.  Observing that Mr. Castenada would remain in the United States if she were deported, so that removal would separate the children from one parent, the IJ concluded that "[t]he hardship level is found to be sufficient to meet the statutory definition" and granted cancellation of removal.  R. at 82 (Oral Decision of the Immigration Judge, Oct. 22, 2007).  DHS

---

[1] Petitioner's brief uses both "Castenada" and "Casteneda" while Respondent's brief uses the latter spelling.  The birth certificates of Ms. Leal-Barraza's children use "Castaneda."  For no particular reason, we use "Castenada."

appealed, and the BIA reversed the IJ's decision, concluding that Ms. Leal-Barraza had failed to show that removal would result in the requisite hardship.

Ms. Leal-Barraza petitions this court for review, claiming that the BIA denied her due process of law by (1) failing to follow its precedent, (2) conducting improper de novo review of the IJ's factfinding, and (3) failing to require DHS to cure defects in its brief. The Attorney General contends that this court lacks jurisdiction to review the BIA's decision under 8 U.S.C. § 1252(a)(2)(B)(i) and asks for dismissal or, alternatively, denial of Ms. Leal-Barraza's petition.

## II.    DISCUSSION

"The jurisdiction of United States Circuit Courts of Appeals is grounded in statute." *Bender v. Clark*, 744 F.2d 1424, 1426 (10th Cir. 1984). "The Immigration and Nationality Act provides that 'no court shall have jurisdiction to review any judgment regarding the granting of relief under section 1229b.'" *Arambula-Medina v. Holder*, 572 F.3d 824, 828 (10th Cir. 2009) (quoting 8 U.S.C. § 1252(a)(2)(B)(i)) (ellipses omitted). We have construed this jurisdictional bar to encompass "discretionary aspects of a decision concerning cancellation of removal," including underlying factual determinations and determinations of whether removal would result in sufficient hardship under 8 U.S.C. § 1229b(b)(1)(D). *Id.* "We do, however, have jurisdiction to review

'constitutional claims' and 'questions of law.'" *Id.* (quoting 8 U.S.C. § 1252(a)(2)(D)).

Ms. Leal-Barraza attempts to invoke our jurisdiction by claiming a violation of her constitutional right to due process. Her attempt fails. Entitlement to due process presupposes that the claimant has a liberty or property interest at stake in the proceedings. *See id.* But there is no liberty or property interest in discretionary relief. *See id.* "Because cancellation of removal is a form of discretionary relief, petitioner cannot raise a due process challenge to [the] denial of [her] application for cancellation of removal." *Id.* (citation and internal quotation marks omitted).

Even if Ms. Leal-Barraza could invoke a right to due process, her arguments that it has been violated lack merit. First, Ms. Leal-Barraza contends that the BIA committed nondiscretionary error because it failed to follow its controlling precedent, *In re Recinas*, 23 I. & N. Dec. 467, 473 (B.I.A. 2002) (concluding that removal would result in exceptional and unusual hardship to the alien's citizen children). But the BIA's decision in this case distinguished *Recinas*, observing that in *Recinas* the alien was a single mother who was her children's sole financial support and had no family in Mexico to care for them while she looked for work. The BIA did not ignore its precedent.

Second, Ms. Leal-Barraza contends that the BIA ignored the IJ's factfinding and conducted de novo review, contrary to 8 C.F.R. § 1003.1(d)(3)(i)

-4-

(BIA should review IJ's factfinding for clear error). She asserts that the BIA "overlooked" the IJ's "finding" that Mr. Castenada would be unable to immigrate to the United States on the petition of a relative of his. Pet'r Br. at 21. As a result, she claims, the BIA failed to consider that Mr. Castenada could be removed from the United States and that the citizen children would then be parentless if they remained in this country. But the IJ stated that Mr. Castenada "appears committed to trying to remain in this country and to obtain permanent resident status," R. at 80, and both the IJ and the BIA assumed that Mr. Castenada and the children would remain in the United States if Ms. Leal-Barraza is removed. The BIA did not reject any findings of fact by the IJ.

Finally, Ms. Leal-Barraza contends that the BIA should have required DHS to correct its procedurally defective brief submitted to the BIA. She alleges that the DHS brief omitted to state the standard of review and that her right to a fair hearing was prejudiced by the BIA's failure to require DHS to cure the defect. But there was no procedural defect. The BIA's appellate rules only recommend, but do not require, a statement of the standard of review. *See* Executive Office for Immigration Review, Dep't of Justice, Board of Immigration Appeals, Practice Manual 59–60 (last revised July 30, 2004), *available at* http://www.usdoj.gov/eoir/vll/qapracmanual/pracmanual/chap4.pdf.

## III. CONCLUSION

The petition for review is dismissed for lack of jurisdiction.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge